THE STATE, ROBERT W. WALN ET AL., PROSECUTORS, v.
THE COMMON COUNCIL OF BEVERLY.

1. Delay in objecting to assessments for improvements cause for dismiss-
   ing *certiorari*.
2. The power to collect an assessment in a summary method by lien on
   the property benefited, and by sale thereon, must rest on strict statutory
   authority.
3. If no such summary remedy be given, the quota apportioned to each
   individual becomes a debt, recoverable in due course of law.
4. Act of April 16th, 1871 (*Pamph. L.*, p. 480), giving a lien for the costs
   theretofore or thereafter incurred by any city of the third class for
   improving sidewalks, if valid, does not remedy defect in resolution to
   sell land in this case.

On *certiorari* to review an ordinance and resolution to curb
parts of Cooper and Warren streets in front of lands of the
prosecutors, and the proceedings thereon for the collection of
assessments.

Argued at February Term, 1891, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the prosecutors, *Mark R. Sooy.*

For the defendants, *Gilbert & Atkinson.*

The opinion of the court was delivered by

SCUDDER, J.   The ordinance to curb the sidewalks in Beverly, in controversy, was passed August 6th, 1874, and the resolution of the common council that parts of Cooper and Warren streets, on which the prosecutor's lands are located, should be curbed with stone, was adopted June 21st, 1883.   The work was done by the city in 1883 and 1884; a report of delinquents was made May 1st, 1884.   On December 4th, 1884, the city solicitor was instructed to commence proceedings to collect the curbing and flagging bills unpaid. Again, on July 11th, 1889, a resolution was passed that the solicitor sue on the curbing bills, and on August 1st, 1889, it was resolved that the president of the common council proceed to advertise and sell, according to law, the lots upon which the charges or assessments are claimed to be a lien.

There are four small bills for curbing assessed against the several prosecutors in this writ, and after this long delay this writ is brought to avoid the assessments made against them. The prosecutors had knowledge, before the work was done, of the order made by common council for the improvement —knew of it during its progress, and delayed to make any objection until five years after the work was completed, when the city was about to assert its lien on the lands and sell the lots against which the assessments were made.

The objections to the preliminary proceedings are merely technical and formal, and the writ would be dismissed as improvidently issued, if it were not that the remedy used for the collection of the assessments by a lien upon and sale of the lands appears to be without authority of law in this city. In *Penwarden* v. *Dunellen,* 21 *Vroom* 565, 570, it was said

that the power to collect an assessment in a summary method by lien on the property benefited must rest on strict statutory authority, and such is undoubtedly the law. Corporations have only such powers as are expressly granted to them, or such as are necessary to carry into effect the rights and powers so granted.

By section 9 of the charter (*Pamph. L.* 1857, *p.* 434) it is lawful for the council to pass ordinances, among other things, "for compelling the occupiers and owners of lots to grade, curb and pave the sidewalks opposite their lots," and "to enforce the observance of all such ordinances by prescribing a forfeiture (or penalty) not exceeding fifty dollars, to be recoverable by action of debt," &c.

There are no supplements to this charter, or other statutes, which enlarge the power of the common council in collecting assessments for such improvements, or for making these assessments liens on the lands benefited, with a summary method for collection.

Where a tax is lawfully assessed for a public improvement, the quota apportioned to each individual becomes a debt, and, if not paid, must be recovered by the corporation in due course of law, unless where the charter authorizes proceedings of a more summary kind. *Bergen* v. *Clarkson,* 1 *Halst.* 352 ; *Terhune* v. *Passaic,* 12 *Vroom* 90 ; 1 *Dill. Mun. Corp.,* § 89.

The second section of the general ordinance respecting the grading, curbing and paving of streets in the city of Beverly, passed August 6th, 1874, on which the resolution to curb the streets in controversy was based, imposes the cost and expense of curbing on the owners of the lots fronting or bordering on such streets, according to its valuable proportion of the same, of which notice shall be given to the owners, and, in case of neglect or refusal to pay the same, may be recovered with interest in an action of debt. The curbing, being a portion of the sidewalk, is properly chargeable to the owner of the land upon which it fronts, and the form of action to recover in debt is in conformity with law and the power of the com-

mon council to collect its dues.   The third section of the ordi-
nance makes the charges or assessments for curbing, &c., a
lien on the property, and if not paid within sixty days after
notice the common council may enforce the collection by
exposing the improved property for sale, or as much thereof
as may be sufficient to pay the assessments.   This summary
form for collection has been adopted in this case, and it is
without authority in the charter, or by any general law appli-
cable thereto.

A recent statute, passed April 16th, 1891 (*Pamph. L., p.*
480), entitled "An act relating to the costs of improving side-
walks in cities of this state," is evidently intended to meet
cases like the present.   It enacts, section 1, " that the cost here-
tofore or hereafter incurred by any city of the third class of
this state for improving sidewalks shall be a lien upon the
abutting lands in front of which such work is done, and the
same may be collected in the same manner and by the same
officers as taxes are or may be collected in such cities."

Admitting that this may be a proper subject of classifica-
tion, on which no opinion is expressed, and that a law thus
passed to remedy the defective execution of power, and even
to grant another remedy to collect unpaid assessments, though
retrospective, is not beyond legislative power, though a suit
be pending to recover the same, which is held in some cases
(*State* v. *Newark*, 3 *Dutcher* 185, 196 ; *Baldwin* v. *Newark*,
9 *Vroom* 158 ; *Bonney* v. *Bridgewater*, 2 *Id.* 133 ; *Walter*
v. *Town of Union*, 4 *Id.* 350 ; *Rader* v. *Township of Union*,
15 *Id.* 259 ; *Jones* v. *Landis Township*, 21 *Id.* 374), yet
this act does not remedy the defect in the proceeding to
sell the lands of the prosecutors.   When the resolution was
passed, on August 1st, 1889, that the president of common
council proceed to advertise and sell, according to law, the
lots upon which the charges or assessments are a lien, there
was no law nor any lien to authorize such sales.   This sub-
sequent act of 1891 purports to create a lien, but not to sanc-
tion and enforce the remedy already begun by the resolution.
The lien, if it be now established by this new statute, must

be enforced according to its terms and in the manner therein prescribed.

This resolution directing the sale of the lands of the several prosecutors for the curbing assessments will be vacated, but without costs.