ROBERT W. WALN v. THE CITY OF BEVERLY.

The act of April 16th, 1891 (*Pamph. L., p.* 480), which provides that the cost heretofore or hereafter incurred by any city of the third class for improving sidewalks shall be a lien upon the abutting lands, and may be collected in the same manner as taxes are in said cities, is unconstitutional.

On *certiorari.*

Argued at February Term, 1893, before Justices VAN SYCKEL and GARRISON.

For the prosecutor, *Howard Flanders* and *Samuel W. Belden.*

For the defendant, *Gilbert & Atkinson.*

The opinion of the court was delivered by

GARRISON, J.   This writ of *certiorari* brings up the proceedings of the city of Beverly by which it proposes to sell the lands of the prosecutor for unpaid assessments for curbing.   The assessment was made December 3d, 1884; the warrant to sell bears date March 3d, 1892, and in the interim the legislature passed the act by virtue of which these proceedings are said to be justified. *Pamph. L.* 1891, *p.* 480. When this assessment was before this court upon a previous occasion, doubt was suggested as to the constitutionality of this statute, assuming that, properly interpreted, it was retroactive in effect. *Waln* v. *City of Beverly,* 24 *Vroom* 560.

The act in question is as follows : " Be it enacted, &c., that the cost heretofore or hereafter incurred by any city of the third class of this state for improving sidewalks shall be a lien upon the abutting lands in front of which such work is done, and the same may be collected in the same manner and by the same officers as taxes are or may be collected in such cities."

What there is about cities of the third class that so distinguishes them from all other cities of the state that this peculiar right of lien and consequent sale is appropriate to them alone, has not been even suggested in argument or brief. The only characteristics of this class of cities is that their population is not in excess of twelve thousand and that they are not on the seashore.

The exclusive right to subject private property to sale for improvements done by the municipality, irrespective of the benefit it may be to the landowner, must rest upon some more salient feature than inland situation or number of inhabitants. There is no possible relation between the classification and the proposed burden to property. The act is clearly within the constitutional prohibition.

The warrant of sale is set aside, with costs.